**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FIDELA AVINA, on behalf of herself and all others similarly situated, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>AMSHER COLLECTION SERVICES INC., )<br><br>*Defendant*. ) | Civil Action No. 18-cv-07436<br><br><br>Jury Demanded |

**COMPLAINT**

Plaintiff, Fidela Avina, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**STANDING**

3.      Defendant sent a collection letter to Plaintiff which failed to adequately disclose the amount of an alleged debt.

4.      Plaintiff has a congressionally defined right to receive debt collection communications that disclose this information.

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

6.      Plaintiff, Fidela Avina ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Dish Network residential cable account.  Plaintiff is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7.      Defendant, Amsher ("Amsher") is an Alabama corporation with its registered agent at Illinois Corporation Service C at 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.  (Exhibit A, Record from Illinois Secretary of State)

8.      Amsher is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others from Illinois consumers. It holds a collection license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial and Professional Regulation)

9.      Amsher regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Dish Network cable account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11.     Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged went into default.

12.     Services was subsequently disconnected and Amsher began collecting the alleged debt.

13.     Plaintiff was allegedly also in possession of leased equipment owned by Amsher's client, namely the dish equipment and receiver.

14.     According to the terms of the Dish Residential Customer Agreement, residential customers are required to return the leased equipment once service is disconnected. (Exhibit C, Dish Residential Customer Agreement, ¶8A).

15.     Failure to do so, as alleged by Defendant against Plaintiff, results in a customer being responsible for, and being required to pay, certain "prices fees and charges." (Ex. C, Dish Agreement, ¶8B).

16.     On or about November 9, 2017, Defendant sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit D, Collection Letter)

17.     The Letter communicated various credit information to Plaintiff, including an account number, and the identity of the current creditor.

18.     The Letter was thus a "communication" as that term is defined at 1692a(2) of the FDCPA.

19.     The Letter was Amsher's initial communication to Plaintiff.

20.     The Letter states that the "total owed" is $66.71. (Ex. C., Letter, translated from Spanish).

21.     The letter refers to the cable equipment still owed by Plaintiff, offering a discount off the total owed if she returns the equipment.

22.     However, the Letter never states the amount due including the equipment.

23.     Thus, even if Plaintiff paid the total owed in the Letter, she would still be allegedly indebted to Amsher and its client.

24.     Amsher failed to inform Plaintiff of the total amount due on the alleged debt.

25.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt. . . .**

26.     Amsher failed to state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. 1692g(a)(1).

27.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

29.     The class consists of (a) all individuals with Illinois addresses (b) who were sent a letter by Defendant to collect a debt (c) which was an initial communication (d) which stated an amount due and also referenced equipment still due and (e) which was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

30.     As Exhibit D is a form letter, it was likely mailed to many consumers in Illinois, and the class is so numerous that joinder of all members is not practicable.

31.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

        a.     Whether Defendant's letter states the amount due of the alleged debt it is collecting;

        b.     Whether any alleged failure to do so violates the FDCPA.

32.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

33.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        A.     Individual actions are not economically feasible.

        B.     Members of the class are likely to be unaware of their rights;

        C.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

34.    Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35.    Amsher failed to state the amount of a debt due in its initial communication to Plaintiff, in violation of 15 U.S.C. 1692g(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A.    Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com